IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:13-CV-255-BO

| | |
|---|---|
| SAMUEL L. WHITTINGTON, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CAROLYN COLVIN, )<br>Acting Commissioner of Social Security, )<br>)<br>Defendant. )<br>_____) | **O R D E R** |

This matter is before the Court on the parties' cross motions for judgment on the pleadings [DE 23, 25]. A hearing on this matter was held in Elizabeth City, North Carolina on May 6, 2014 at 2:45 p.m. For the reasons detailed below, plaintiff's motion is DENIED and defendant's motion is GRANTED. The decision of the Commissioner is AFFIRMED.

## BACKGROUND

On April 17, 2010, Mr. Whittington protectively filed an application for disability insurance benefits under Title II of the Social Security Act. Plaintiff alleges disability beginning on February 5, 2010, due to arthritis, hypoglycemia, neck and back pain, spinal neck fusion, tremors, headaches, fatigue, sleep apnea, and degenerative disc disease. The application was denied initially and upon reconsideration. A hearing was held before an Administrative Law Judge ("ALJ") on October 25, 2011 and the ALJ issued a decision denying the claims. On September 28, 2012, the Appeals Council granted review and issued a partially favorable decision on February 5, 2013, thereby becoming the final decision of the Commissioner. The

Appeals Council found plaintiff disabled as of February 16, 2012, but not before that date. Plaintiff now requests judicial review pursuant to 42 U.S.C. § 405(g).

## MEDICAL HISTORY

Mr. Whittington stopped working in February 2010 at 52 years of age when the company for which he worked closed. However, plaintiff notes in his application that his employer had been providing him with significant accommodations in the workplace which allowed him to continue working until that time. [Tr. 179]. In March 2010, plaintiff reported ongoing back and neck pain as well as pain and trembling in his hands. [Tr. 285]. In May 2010, he was diagnosed with bilateral upper and lower extremity tremors which were worse on his right side. [Tr. 289–90].

In December 2010, plaintiff complained of thoracic spine pain radiating to his shoulders and upper arms and numbness in his extremities. [Tr. 272]. At that time he also revealed that he had a cervical fusion ten to twelve years prior. [*Id.*]. From December 2010 until January 2011, plaintiff underwent physical therapy to address the cervical spine pain, but did not improve. [Tr. 272]. Throughout 2011, Mr. Whittington continued to suffer from tremors and pain. [Tr. 248–53, 327–28, 386, 423–25].

## DISCUSSION

Pursuant to the Social Security Act, 42 U.S.C. § 405(g), this Court's review of the Commissioner's decision is limited to determining whether the Commissioner's decision, as a whole, is supported by substantial evidence and whether the Commissioner employed the correct legal standards. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990) (citing *Richardson v. Pearles*, 402 U.S. 389, 390 (1971)). "'[S]upported by substantial evidence' means 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.* (quoting

*Pearles*, 402 U.S. at 401). Regulations establish a five-step sequential evaluation process to be followed when determining whether a claimant is disabled. 20 C.F.R. §§ 404.1520 and 416.920. "The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five." *Rogers v. Barnhart*, 216 Fed. App'x 345, 348 (4th Cir. 2007) (citing *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987)).

Plaintiff alleges that the ALJ erred by failing to assign controlling weight to plaintiff's treating neurologist's opinion and by failing to properly consider all the evidence and properly explain the weight given to the treating neurologist's opinion. However, a review of the record and the ALJ's decision shows that his decision was properly supported by substantial evidence and that he did not err in either his assignment of weight to Dr. Browner's opinion nor in his explanation thereof.

The ALJ declined to assign controlling weight to Dr. Browner's opinion. Specifically, the ALJ did not give any special significance to Dr. Browner's opinion because 1) it opined on the issue of disability which is an issue reserved for the Commissioner, 2) her opinion was speculative in nature, focusing more on where plaintiff's condition was headed than where it was at the time of her examination, and 3) because his condition was rated at moderate to severe and the ALJ accounted for that in determining plaintiff's RFC. [Tr. 37]. Dr. Browner's opinion of disability was not supported by Dr. Browner's medical records or plaintiff's own testimony. [Tr. 37, 47–72, 107–08, 274–77, 386–87, 402). Further, Dr. Browner's opinion was not consistent with the other opinions contained in the medical record and the other evidence in the record. [Tr. 38–39, 237–44, 248–57, 259–64, 272–79, 283–302, 308–10, 314–24, 336–47, 349, 351–82, 384, 388–401, 403–04, 406–08, 410, 412–21, 423–25]. It is clear that the ALJ carefully considered

3

the entire record and, specifically discussed each treating source, plaintiff's testimony, exam findings, treatment notes, and opinions.

Treating source opinions are entitled to controlling weight if they are "well supported by medically acceptable clinical and laboratory diagnostic techniques and [are] not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. § 404.1527(d)(2). The Fourth Circuit has found that "[b]y negative implication, if a physician's opinion is not supported by clinical evidence or it is inconsistent with other substantial evidence, it should be accorded significantly less weight." *Craig v. Chater*, 76 F.3d 585, 590 (4th Cir. 1996). Here, the medical records indicate that plaintiff's tremors responded to medication. [Tr. 277, 386, 402]. "If a symptom can be reasonably controlled by medication or treatment, it is not disabling." *Gross v. Heckler*, 785 F.2d 1163, 1166 (4th Cir. 1986). Further, there is additional evidence in the record from numerous other medical sources that does not support Dr. Browner's opinion. [Tr. 109, 272–79, 349, 351–76, 384, 390–92, 395–97, 403–04, 412–13, 418–21] (Dr. Canerio found improvement was expected with adherence to therapy and exercise and that plaintiff was in generally good condition); [Tr. 248–53, 283–302, 308–10, 336–47, 377–82] (Dr. Rao and his FNP Cynthia Lee found plaintiff to be in generally good condition and plaintiff reported to them that medication helped his tremors and that they improved).

The ALJ made a proper determination of weight to give to Dr. Browner's opinion and adequately explained why he did not give her opinion controlling weight. Further, substantial evidence in the record supports the ALJ's RFC determination and overall decision. Accordingly the decision of the Commissioner is affirmed.

## CONCLUSION

For the reasons outlined above, defendant's motion for judgment on the pleadings is GRANTED and plaintiff's motion is DENIED. The decision of the Commissioner is AFFIRMED. The clerk is directed to close the file.

SO ORDERED.

This, the ⎯⎯ day of May, 2014.

*Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE